**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000007**
**14-AUG-2025**
**07:57 AM**
**Dkt. 62 SO**

NO. CAAP-23-0000007

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS, CWABS, INC., ASSET-BACKED CERTIFICATES,
SERIES 2007-11, Plaintiff-Appellee,
v.
HERMAN MANZANILLO, Defendant-Appellant; and ALGERIA BALAIS
MANZANILLO; WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF THE ASPEN
HOLDINGS TRUST, A DELAWARE STATUTORY TRUST, Defendants-
Appellees, and JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS
1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC191001441)

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

This is a judicial foreclosure case.  Defendant-

Appellant Herman Manzanillo (**Manzanillo**) appeals from the

Circuit Court of the First Circuit's (**circuit court**):[1] (1)

---

[1]     The Honorable Jeannette H. Castagnetti presided.

"Findings of Fact, Conclusions of Law and Order Granting [Plaintiff-Appellee The Bank of New York Mellon, as Trustee for the Certificateholders, CWABS, Inc., Asset-Backed Certificates, Series 2007-11's (**BONYM**)] Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure" (**Foreclosure Order**), filed on August 4, 2022; (2) Judgment, filed on August 4, 2022; and (3) "Notice to Parties of Denial of Motion for Reconsideration," filed on December 8, 2022.

The summary judgment record reflects that Manzanillo owned real estate in Waipahu (the **Property**). In May 2007, Manzanillo and Alegria Balais Manzanillo (**Alegria**)[2] executed a $480,000 promissory note (**Note**) in favor of Countrywide Home Loans, Inc. (**Countrywide**). The Note was secured with a mortgage on the Property (the **Mortgage**). The Mortgage identified Mortgage Electronic Registration Systems, Inc. (**MERS**), solely as nominee for Countrywide, as mortgagee. The Mortgage was assigned to BONYM by assignment of mortgage recorded on June 30, 2010, and, in February 2011, Manzanillo and Alegria executed a Loan Modification Agreement, modifying the original principal balance due under the Note to $518,632.32.

---

[2] The record reflects that Alegria is deceased, and she is not a party to this appeal.

Manzanillo and Alegria defaulted on the Note, failed to timely cure the default, and BONYM filed a Complaint for Mortgage Foreclosure (the **Complaint**) on September 10, 2019.

BONYM moved for summary judgment and interlocutory decree of foreclosure in February 2022. The circuit court granted BONYM's Motion for Summary Judgment (**MSJ**) and entered Judgment. On appeal, Manzanillo raises a single point of error, contending that "[t]he Circuit Court committed clear and manifest error of law in granting summary judgment in favor of BONYM and abused its discretion in failing to reconsider its summary judgment ruling, because BONYM failed to present admissible evidence establishing its standing to sue, which was its prima facie burden."

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Manzanillo's contention as follows.

We review the circuit court's grant of summary judgment de novo, applying the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must

> view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawai‘i 46, 55-56, 292 P.3d 1276, 1285-86 (2013) (citation omitted).

BONYM, as the foreclosing party, "must [inter alia] prove its entitlement to enforce the note and mortgage." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai‘i 361, 367, 390 P.3d 1248, 1254 (2017) (citations omitted). In Reyes-Toledo, the Hawai‘i Supreme Court held that,

> A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as standing is concerned with whether the parties have the right to bring suit. Typically, a plaintiff does not have standing to invoke the jurisdiction of the court unless the plaintiff has suffered an injury in fact. A mortgage is a conveyance of an interest in real property that is given as security for the payment of the note. A foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property. Thus, the underlying "injury in fact" to a foreclosing plaintiff is the mortgagee's failure to satisfy its obligation to pay the debt obligation to the note holder. Accordingly, in establishing standing, a foreclosing plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action.

Id. at 367-68, 390 P.3d at 1254-55 (cleaned up).

Here, the summary judgment record reflects that BONYM provided the circuit court with the following: (1) the September 13, 2019 Declaration of Custodian of Records for TMLF Hawaii LLLC (**TMLF**), Jannie Isisaki (**Isisaki**), who declared under penalty of law that,

> 2. The information in [Isisaki's] Declaration is taken from [TMLF's] business records. [Isisaki has] personal knowledge of [TMLF's] procedures for creating

these records.  They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of [TMLF's] regularly conducted business activities; and (c) created by [TMLF] as a regular practice.

3.  It is part of [TMLF's] business practice to keep the original promissory notes on behalf of clients before filing of a Complaint, if the Complaint was filed by [TMLF].  If the Complaint is not filed by [TMLF], counsel still takes possession of the original Note.

4.  According to the records and files of [TMLF], on 08/21/2019, [TMLF] was in possession of the original Note, indorsed in blank.  A true and correct copy of the Bailee Letter dated 08/21/2019 is attached hereto as Exhibit "B".

5.  The original Note, indorsed in blank is currently stored at [TMLF's] designated storage facility in a fire-proof safe.

6.  According to my records and files, [BONYM] has authorized [TMLF] to be in physical possession of the original Note during the duration of this litigation[;]

(2) the January 14, 2022 Declaration of Mariah Royce (**Royce**), Document Verification Specialist for NewRez LLC fka New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing (**NewRez**),[3] who declared based on her review of NewRez's business records and personal knowledge, that "[NewRez's] records indicate that [BONYM], by and through its counsel, had possession of the original Note, indorsed in blank, as of 09/10/2019, the date of the filing of the complaint in this foreclosure[;]" (3) the August 20, 2019 Bailee Letter to TMLF, authenticated by Isisaki and Royce; and (4) the Note, Mortgage, and Assignment of Mortgage to BONYM.

---

[3]    NewRez was the loan servicer for Manzanillo's loan.

On this record, we conclude that BONYM satisfied its initial burden on summary judgment. See U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 328, 489 P.3d 419, 432 (2021) ("Collectively, the evidence presented by U.S. Bank . . . establishes the bank's possession of the Note on the day the complaint was filed.") (footnote omitted).

The burden then shifted to Manzanillo, and Manzanillo did not meet his burden of establishing that there is a genuine question of material fact for trial. See Verhagen, 149 Hawaiʻi at 328, 489 P.3d at 432 ("[A] defendant may counter this inference of possession at the time of filing with evidence setting forth 'specific facts showing that there is a genuine issue' as to whether the plaintiff actually possessed the subject note at the time it filed suit." (citing Hawaiʻi Rules of Civil Procedure Rule 56(e))). Manzanillo has offered no evidence that BONYM, through its counsel, did not possess the Note at the time the Complaint was filed.[4]

---

[4] Manzanillo, who was self-represented at the time of the summary judgment hearing, did not oppose BONYM's MSJ. Manzanillo subsequently obtained counsel and filed a Motion for Reconsideration of the Foreclosure Order. On appeal, Manzanillo contends that the circuit court abused its discretion by not ruling on the Motion for Reconsideration, which resulted in the entry of a default Notice to Parties of Denial of the Motion for Reconsideration. Manzanillo's Motion for Reconsideration did not present any evidence that would raise a genuine issue of material fact as to BONYM's possession of the Note at the time the Complaint was filed. We therefore conclude that the circuit court did not abuse its discretion.

For the foregoing reasons, we affirm the circuit court's Foreclosure Order and Judgment, filed August 4, 2022.

DATED: Honolulu, Hawai'i, August 14, 2025.

On the briefs:

Frederick J. Arensmeyer,
for Defendant-Appellant.

Charles R. Prather,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge